UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TAYLOR KIRKMAN, <br><br> Plaintiff, <br><br> v. <br><br> BLITT AND GAINES, P.C., <br><br> Defendant. | No. 24 CV 4290 <br><br> Judge Georgia N. Alexakis |

**MEMORANDUM OPINION AND ORDER**

After a debt collection attempt by defendant Blitt & Gaines, P.C. ("Blitt") plaintiff Taylor Kirkman ("Kirkman"), a nursing student representing herself, sent Blitt a letter requesting validation of the debt. In the letter, she told Blitt that because she worked an unusual schedule the only convenient way to reach her was by email. Blitt responded by mail. Kirkman sued, alleging that Blitt had violated the Federal Debt Collection Procedure Act ("the Act") by contacting her in an inconvenient matter—physical mail—despite knowledge of her expressed preference. Blitt now moves to dismiss. For the reasons stated below, the motion is granted.

**I.     Legal Standards**

At this stage, the Court accepts all factual allegations in the complaint as true and draws all reasonable inferences in the plaintiff's favor. *Lee v. City of Chicago*, 330 F.3d 456, 468 (7th Cir. 2003). Federal Rule of Civil Procedure 12(b)(1) governs dismissals based on a lack of subject-matter jurisdiction. "In evaluating a challenge to subject matter jurisdiction, the court must first determine whether a factual or

facial challenge has been raised." *Silha v. ACT, Inc.*, 807 F.3d 169, 173 (7th Cir. 2015). A factual challenge is one where there is "in fact" no subject matter jurisdiction, even if the pleadings are sufficient. *Id.* A facial challenge is one where the plaintiff has not "sufficiently alleged a basis of subject-matter jurisdiction." *Id.* (internal quotations omitted). Blitt presents a facial challenge here, "because [it] contend[s] that [the] complaint lacks sufficient factual allegations to establish standing." *Id.* Kirkman bears the burden of establishing jurisdiction. *Apex Digit., Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443 (7th Cir. 2009).

## II.  Background

The facts are straightforward. Kirkman is an Illinois nursing student. [1] ¶¶ 4, 12. Blitt is an Illinois corporation that collects debts on behalf of credit card companies like American Express. *Id.* ¶¶ 6, 8–9; [10] at 1. Blitt attempted to collect a credit card debt allegedly owed by Kirkman to American Express. [1] ¶ 10.

On April 1, 2024, Kirkman sent a letter via United States Postal Service certified mail to Blitt requesting validation of the debt. *Id.* ¶ 12. In the letter, Kirkman also informed Blitt of the following: "I am a full-time nursing student and I work midday into the next day, so the only convenient place to contact me that would be appropriate for my schedule is by email." *Id.* The letter, which was received by Blitt on April 8, included Kirkman's email address. *Id.* ¶¶ 10, 12, 15. Despite

Kirkman's request, on April 12, 2024, Blitt sent its own letter to Kirkman, at her home, via the United States Postal Service. *Id.* ¶ 14.[1]

As Kirkman had told Blitt, this method of communication was inconvenient for her, *id.* ¶ 16, and the next month, Kirkman sued Blitt in federal court under the Act "for communicating [with her] by mail" after she had "notified [Blitt] … that the only convenient place to contact her is by email," *id.* ¶ 17. She alleges that as a result of receiving Blitt's physical letter, she suffered invasion of privacy, intrusion upon seclusion, personal embarrassment, loss of productive time, emotional distress, frustration, anger, and humiliation. *Id.* ¶ 18.

### III. Analysis

The Court begins, as it must, with Blitt's challenge to its subject-matter jurisdiction because if it lacks jurisdiction, it must dismiss the case. *Miller v. Sw. Airlines Co.*, 926 F.3d 898, 902 (7th Cir. 2019) ("Subject-matter jurisdiction is the first issue in any case."); Fed. R. Civ. P. 12(h)(3). Blitt argues that Kirkman lacks standing under Article III of the United States Constitution because her alleged harms are not concrete enough to satisfy the injury-in-fact requirement, and a bare violation of the Act cannot provide standing by itself. [10] at 3–4.[2] And Blitt is correct: Kirkman lacks standing.

---

[1] Kirkman does not specific a particular method of delivery (e.g., first-class mail, certified mail, etc.).

[2] Blitt's motion [10] lacks pagination, so the Court uses the blue ECF numbers at the top of the filing.

3

For the purpose of Article III standing, a concrete injury is one that is "real and not abstract," like monetary loss or physical harm. *Patterson v. Howe*, 96 F.4th 992, 996 (7th Cir. 2024). But harm need not be tangible to be concrete: reputational and privacy harms with common-law analogues can be sufficient. *Id.* The claimed privacy injury need not be an "exact duplicate" of a common-law tort but must be a "close historical or common-law analogue." *Nabozny v. Optio Sols. LLC,* 84 F.4th 731, 735 (7th Cir. 2023). However, under Seventh Circuit precedent, "emotional harms" like stress, anxiety, embarrassment, or annoyance are "quintessential abstract harms that are beyond [the Court's] power to remedy." *Wadsworth v. Kross, Lieberman & Stone, Inc.*, 12 F.4th 665, 668 (7th Cir. 2021).

Thus, Kirkman's allegations that she suffered "personal embarrassment … emotional distress, frustration, anger, and humiliation" are insufficient to establish a concrete injury under Article III. [1] ¶ 18. In her opposition to Blitt's motion to dismiss, Kirkman explains that the "stress and anxiety" from Blitt's "disregard for her communication preferences" and the resulting "unsolicited physical mail" led to further consequences, like insomnia or reduced academic performance due to distraction. [12] at 2–4. But something like loss of sleep resulting from stress is still an "emotional harm" that is "likewise insufficient to show a concrete harm." *Choice v. Kohn Law Firm, S.C.*, 77 F.4th 636, 639 (7th Cir. 2023); *see also Pennell v. Glob. Tr. Mgmt., LLC*, 990 F.3d 1041, 1045 (7th Cir. 2021) ("[S]tress by itself with no physical manifestations and no qualified medical diagnosis [does not] amount to a concrete harm.").

4

Kirkman also invokes "intrusion upon seclusion," the sort of common-law privacy tort analogue that could provide standing.[3] It does not here, however, because Kirkman has not alleged facts that could show that her alleged injury is a sufficiently close analogy. Under Illinois law, the intrusion at issue must be "highly offensive or objectionable to a reasonable person" to establish the tort. *Busse v. Motorola, Inc.*, 351 Ill. App. 3d 67, 71 (1st Dist. 2004). This is an objective standard, and under that standard the Court cannot conclude that a routine delivery of a single letter by the United States Postal Service would be highly offensive or objectionable to a reasonable person. Kirkman has thus not alleged the sort of privacy harm that could provide Article III standing. *See Nabozny*, 84 F.4th at 735 (plaintiff failed to allege concrete injury under the Act where complaint did not sufficiently allege element of analogous Illinois privacy tort).

Finally, Kirkman contends that she has suffered financial harm from the costs and logistical burdens of litigation. [12] at 3–4. But if the costs associated with a plaintiff's decision to bring litigation provided Article III standing, every plaintiff would have standing. So this too cannot be sufficient. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 107 (1998) ("Obviously, however, a plaintiff cannot achieve standing to litigate a substantive issue by bringing suit for the cost of bringing suit. The litigation must give the plaintiff some other benefit besides reimbursement of costs that are a byproduct of the litigation itself.").

---

[3] Kirkman also invokes "invasion of privacy," but this is an umbrella term that encompasses, among other torts, intrusion upon seclusion. *Nabozny*, 84 F.4th at 735 (citing Restatement (Second) of Torts § 652A (Am. Law Inst. 1977)).

Because Kirkman's complaint has not alleged a concrete injury-in-fact, she lacks standing. The Court thus lacks subject-matter jurisdiction over the complaint and cannot reach its merits.

## IV. Conclusion

Blitt's motion to dismiss [10] is granted under Rule 12(b)(1). Kirkman's complaint is dismissed without prejudice for lack of subject-matter jurisdiction.

Kirkman may refile an amended complaint if she can cure the deficiencies identified above while still complying with her obligations under Federal Rule of Civil Procedure 11. *See Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Nw. Indiana*, 786 F.3d 510, 519–20 (7th Cir. 2015) ("Unless it is certain from the face of the complaint that any amendment would be futile or otherwise unwarranted, the district court should grant leave to amend after granting a motion to dismiss."); *Eberhardt v. Walsh*, 122 F.4th 681, 686 (7th Cir. 2024) ("Rule 11 imposes certain duties on attorneys and *pro se* parties."). Any amended complaint is due on or before January 31, 2025. Failure to file an amended complaint by that date will result in dismissal of this action.

_____
Georgia N. Alexakis
United States District Judge

Date: 1/10/25